IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-13-298-5 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-2885 |
| KENTON DEON HARRELL | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Kenton Deon Harrell, proceeding *pro se*, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 264). The Government filed a motion for summary judgment (Docket Entry No. 270), to which Defendant filed a response (Docket Entry No. 271).

Having reviewed the section 2255 motion, the motion for summary judgment, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES the section 2255 motion for the reasons that follow.

### *Background and Claims*

Defendant was convicted by a jury of conspiracy to interfere with commerce by robbery, and sentenced to 135 months of imprisonment and three years of supervised release. The conviction was affirmed on appeal. *United States v. Harrell*, 629 F. App'x 603, 604 (5th Cir. Oct. 27, 2015).

In the instant section habeas proceeding, Defendant claims that:

(1)   Trial counsel was ineffective in failing to object to a pattern jury instruction.

(2)   The Court's application of the Sentencing Guidelines denied him due process.

(3    Trial counsel was ineffective in failing to advise him to plead guilty.

The Government argues that these claims are groundless and should be dismissed.

## *Legal Standards*

*Section 2255*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

*Ineffective Assistance of Counsel*

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

## *Analysis*

*Pattern Jury Instruction*

Defendant contends that trial counsel should have objected to the Court's use of a jury instruction entitled, "presumption of innocence, burden of proof, reasonable doubt." According to Defendant, the instruction reduced the Government's burden of proof and lessened the concept of reasonable doubt.

As correctly argued by the Government, the jury instruction was taken directly from the Fifth Circuit Court of Appeals's pattern jury instruction on presumption of innocence,

3

burden of proof, and reasonable doubt. *See* 5th Cir. Pattern Jury Instruction (Criminal) § 1.05. It is well settled that a federal district court does not err by giving a charge that tracks the Fifth Circuit's pattern jury instructions and that is a correct statement of the law. *United States v. Turner*, 960 F.2d 461, 464 (5th Cir. 1992). This Court recently denied a section 2255 motion raising the same claim as raised here by Defendant, and reasoned as follows:

> "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *United States v. Williams*, 20 F.3d 125, 128 (5th Cir. 1994) (internal citation omitted). Because the language used in this case instructed the jury that the government was required to establish all elements of the offense by proof beyond a reasonable doubt as required by *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), and *In re Winship*, 397 U.S. 358, 361 (1970), counsel had no basis to object. *Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). [Defendant] has not met his burden to prove that counsel's conduct was deficient.

*United States v. Perez-Barocela*, 2016 WL 1222116, at *5 (S.D. Tex. Mar. 29, 2016). The Fifth Circuit Court of Appeals has found no error under the plain error standard where the district court's reasonable doubt instruction was taken directly from the section 1.05 pattern jury instruction. *United States v. Hartzog*, 189 F. App'x 340, 348 (5th Cir. July 13, 2006).

Defendant does not dispute the Government's assertion that the instruction in his case followed the pattern jury instruction. Rather, he argues in general terms that the instruction violated his constitutional rights. The jury instruction utilized in Defendant's trial was not improper, and counsel was not deficient in not objecting. Defendant further fails to establish

4

prejudice under *Strickland*, in that he does not show that, but for counsel's failure to object to the pattern jury instruction, there is a reasonable probability that the result of the trial would have been different.

Defendant fails to meet his burden of proof under *Strickland*, and the Government is entitled to summary dismissal of this claim.

*Sentencing Guidelines*

Defendant next argues that the Court's application of the Sentencing Guidelines at sentencing denied him due process under the Fifth and Sixth Amendments. He specifically complains of the Court's application of a six level enhancement under U.S.S.G. § 2B3.1(b)(2)(B) and its refusal to grant an offense level reduction under U.S.S.G. § 3B1.2. According to Defendant, the Court's actions "result[ed] in a USSG sentence determination (the 'lodestar' of federal sentencing) being flawed and in conflict with USSG Amendment 794 and circuit precedent regarding 'foreseeability' required to impose 'Pinkerton' liability." (Docket Entry No. 264. p. 8.)

The Court's technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of section 2255 habeas relief. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). No cognizable claim for federal habeas relief is raised, and habeas relief is unwarranted. Moreover, the Fifth Circuit Court of Appeals on appeal rejected Defendant's argument regarding the Court's non-application of U.S.S.G. § 3B1.2. *Harrell*,

629 F. App'x at 605–06. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Defendant's other sentencing arguments were not raised on appeal and are procedurally defaulted at this juncture. Because Defendant shows neither cause nor prejudice as to the default, the issues are barred from consideration by this Court. *See United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (holding that a movant may not raise an "issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.").

The Government is entitled to summary dismissal of Defendant's claims challenging the Court's application of the Sentencing Guidelines.

*Guilty Plea Negotiation*

Defendant contends that counsel was constitutionally deficient in not negotiating a plea agreement and advising him to plead guilty. In support, he argues "[b]ecause the Government made plea agreements with [codefendant] and others it is not unreasonable to believe the Government would have accepted a plea agreement from [him] that would have resulted in three (3) to five (5) years less time in prison[.]" (Docket Entry No. 264, p. 16.)

Defendant's conclusory allegations are speculative and usupported by any probative evidence in the record. He fails to show with competent evidence that the Government would have offered him a favorable plea agreement, that he would have accepted the plea agreement, and that he would have received less time in prison as a result of the plea

agreement. Defendant establishes neither deficient performance nor prejudice under *Strickland*, and his unsubstantiated allegations do not warrant habeas relief under section 2255.

Respondent is entitled to summary dismissal of Defendant's claims.

## *Conclusion*

The Government's motion for summary judgment (Docket Entry No. 270) is GRANTED and Defendant's section 2255 motion for relief (Docket Entry No. 264) is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED.

Civil Action No. H-16-2885 is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas on June 12, 2017.

_____
Gray H. Miller
United States District Judge