IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-13-298-5 |
| | § | |
| KENTON DEON HARRELL | § | |

## ORDER

Pending before the Court is defendant's *pro se* "Emergency Request for Compassionate Release." (Docket Entry No. 296.) Defendant asks the Court to grant an emergency reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and release him to home confinement under his mother's care. He argues that he is a vulnerable inmate at risk for contracting COVID-19 because he is African American, hypertensive, and morbidly obese.

Defendant is a 47-year-old federal prisoner serving a 135-month sentence in the Bureau of Prisons ("BOP"). He is currently housed at the Beaumont Low FCI in Beaumont, Texas. Public online records show that his anticipated release date is January 28, 2024. *See* https://www.bop.gov/inmateloc/.

Federal prisoners seeking "compassionate release" must exhaust their request through BOP procedures prior to seeking relief from the courts. 18 U.S.C. § 3582(c)(1)(A). Under the statutory provisions of section 3582(c)(1)(A), this Court may not consider the substantive merits of defendant's motion until he has either exhausted all administrative rights to appeal

the BOP's decision not to bring a motion for compassionate release on his behalf, or 30 days have lapsed from the date he made such a request to the Beaumont Low FCI warden. Defendant acknowledges that he has not exhausted his request through the BOP and asks the Court to waive exhaustion. However, the statute sets forth no exceptions to the exhaustion requirement, nor has the Supreme Court or Fifth Circuit Court of Appeals carved out any exceptions. To date, only one federal appellate court has considered the matter directly, and it held that exhaustion is mandatory. *See United States v. Raia*, 954 F.3d 594, 596, 2020 WL 16479221, *2 (3d Cir. Apr. 2, 2020).

The Court is mindful of the problems and concerns caused by the COVID-19 pandemic for prisoners and prisons alike. Nevertheless, it must decline defendant's request for an adjudication of his motion on the merits in absence of exhaustion. Defendant's motion (Docket Entry No. 296) is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION predicated on failure to exhaust.

Signed at Houston, Texas on May 7, 2020.

_____
Gray H. Miller
Senior United States District Judge