IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-13-0298-5 |
| | § | |
| KENTON DEON HARRELL | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Kenton Deon Harrell, a federal prisoner proceeding *pro se*, filed a motion for a reduction in sentence to time served under the compassionate release provisions of 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 298.)

Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for the reasons explained below.

*Background*

Defendant is a 47-year-old male prisoner currently confined at FCI Beaumont Low, a Federal Bureau of Prisons ("BOP") facility in Beaumont, Texas. He was convicted by a jury of conspiracy to interfere with commerce by robbery and sentenced to 135 months' confinement in the BOP followed by a three-year term of supervised release. His conviction was affirmed on direct appeal. *United States v. Harrell*, Appeal No. 14-20664 (5th Cir. Oct. 27, 2015). The BOP currently reports defendant's anticipated release date as January 28, 2024.

Defendant contends that he is entitled to a compassionate release due to obesity and high blood pressure. He further states that he has high cholesterol, skin rashes, joint pain,

shortness of breath, and is prediabetic. Defendant asks that the Court grant his motion and reduce his sentence to time served so he may "return to my mother's side and care for her during her final years." (Docket Entry No. 298-1, p. 49.)

### *Legal Standards*

Defendant brings his motion for a sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id*. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id*.

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, based on terminal medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, Application Note 1. However, the Court's reference to the Guidelines is only one step in its own determination of whether extraordinary and compelling reasons warrant a reduction of defendant's sentence. The Court is free to determine whether defendant's particular medical condition constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, Appeal No. 19-50305 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court.").

A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case. Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As provided in both section 3582(c)(1)(A) and the policy statement, a court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and

characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and the defendant is found not to pose a risk of danger to the community, and it also finds that a sentence reduction is consistent with United States Sentence Commission policy statements.

### *Analysis*

*Exhaustion*

The Court finds that defendant has exhausted his administrative remedies and may pursue the instant motion. *See United States v. Franco*, Appeal No. 20-60473 (5th Cir. Sept. 3, 2020).

*Medical Conditions*

Defendant argues that his medical conditions, particularly his obesity and high blood pressure, constitute extraordinary and compelling reasons for his release from prison.

Defendant submitted prison medical record excerpts with his motion, showing that in 2014, he was classified as morbidly obese at 420 pounds. (Docket Entry No. 298-1, p. 7.) Prison medical record excerpts from November 2015 indicate that defendant's previously-resolved hypertension had reoccurred, and he was placed on antihypertensive medication. Defendant, who underwent gastric bypass surgery in 2012 prior to the underlying criminal offense, remained morbidly obese. *Id.*, pp. 10– 11. He was seen in the chronic care clinic on August 4, 2017, for follow-up. *Id.*, p. 22. His weight at that time was charted as 361 pounds, and he reported "feeling well" with no complaints. His blood pressure was charted as 113/79, and his antihypertensive medication was continued. No physical abnormalities were noted, and his lungs were clear. *Id.*, p. 23. At his chronic care follow-up in July 2018, he denied having chest pain or shortness of breath. His blood pressure was charted as 127/82 and his weight as 374 pounds. No physical abnormalities were noted. At his chronic care evaluation on July 29, 2019, he denied having chest pain, shortness of breath, or other complaints. His blood pressure was charted as 128/87, and his weight as 410 pounds. His antihypertensive medications were continued. Defendant's Medical Duty Status report, dated August 18, 2020, reflects a lower bunk restriction, no physical limitation restrictions, and a work restriction for "no climbing." *Id.*, p. 42. He was referred to recreation for weight loss exercises three times a week.

Defendant also argues that the following additional medical conditions warrant a compassionate release: high cholesterol, skin rashes, joint pain, shortness of breath, and

prediabetes. However, his medical records support only conditions for chronic obesity and controlled hypertension. High cholesterol, skin rashes, joint pain, shortness of breath, and prediabetes are not indicated in the medical records as current medical issues. To the contrary, defendant repeatedly denied at his annual medical evaluations having any pain, shortness of breath, difficulty walking, or providing self-care. He has no walking or exercise restrictions as to housing, work, or recreation.

The CDC currently classifies obesity as an underlying medical condition that poses an increased risk for severe illness from COVID-19, and hypertension as an underlying medical condition that *might* pose an increased risk.[1] Thus, defendant's morbid obesity meets the threshold showing of an extraordinary and compelling reason. However, his medical condition, standing alone, does not require this Court to release him from prison. There is no suggestion that defendant is presently unable to take care of himself within the confines of his facility. Nor has he demonstrated that the BOP cannot manage his medical conditions appropriately. Indeed, defendant's medical records show that the BOP is adequately and competently administering the necessary care for his obesity and that his hypertension is under control with medication.

Moreover, FCI Beaumont Low currently reports having only two active cases of COVID-19 at the facility. *See* https://www.bop.gov/coronavirus/ (accessed on October 10, 2020). Although defendant expresses legitimate concerns regarding COVID-19, he does not

---

[1] https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19.html (accessed October 7, 2020).

establish that the BOP cannot manage an outbreak within FCI Beaumont Low or that the facility is specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms while incarcerated.

Thus, it appears that the facility where defendant is housed is handling the outbreak appropriately and providing him adequate medical care. Because defendant has not met his burden of proof for establishing extraordinary and compelling reasons for his release, the Court may not reduce his sentence to time served.

Even assuming defendant had met his burden of proof, the applicable sentencing and related factors in his case warrant no relief, as follows.

*Sentencing Factors*

Although defendant would not likely pose a risk of danger to the community if released, the Court finds that a sentence reduction in his case would not be consistent with United States Sentence Commission policy statements.

Defendant shows that he has accrued a number of educational credits during his imprisonment, and that he has no disciplinary events within the past six months. However, the record in his underlying criminal case shows that the criminal conduct in that case involved robbing a United States Postal Service mail truck at gunpoint and pistol-whipping the postal employee when he did not move quickly enough. The postal employee required three months of physical therapy and psychological counseling following the robbery. (Docket Entry No. 203.) Thus, the criminal offense was committed at gunpoint by force and

violence with physical and mental injury to the victim. (Docket Entry No. 187, p. 14.) Defendant falsely states in his motion that "no violence or threat of violence occurred" during commission of the offense; his dishonesty reflects a lack of respect for both the law and the seriousness of the offense. (Docket Entry No. 298, p. 2.)

Defendant argues in his motion that "the incarceration portion of his sentence served to date is sufficient *in light of his medical conditions* to deter him from further criminal conduct[.]" *Id.*, p. 16, emphasis added. Defendant's medical conditions existed at the time he committed his underlying offense; they did not deter his criminal activity then and the Court finds no reason to believe they would deter his criminal activity now.

Defendant states that he has served over one-half of his sentence, which he claims is sufficient punishment. The Court is of the opinion that excusing him from the remainder of his sentence at this time would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes of the defendant.

## *Conclusion*

For the reasons set forth above, defendant's motion for compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 298) is DENIED.

Signed at Houston, Texas, on October ___, 2020.

                                                                                  Gray H. Miller
                                                                Senior United States District Judge