United States District Court
Southern District of Texas
**ENTERED**
February 02, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-13-0298-5 |
| | § | |
| KENTON DEON HARRELL | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's fourth *pro se* motion seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 302.) Defendant's prior motions were dismissed on May 7, 2020, for failure to exhaust, and denied on October 7, 2020, and May 7, 2021, for lack of merit.

Defendant is a 48-year-old federal prisoner serving a 135-month sentence for conspiracy to interfere with commerce by robbery. He is currently confined at the Bureau of Prisons ("BOP") Beaumont Low FCI in Beaumont, Texas, with an anticipated release date of January 28, 2024.[1] Defendant's pending motion requests a compassionate release premised on prior factors and on the new COVID-19 variants. In denying defendant's two earlier motions, the Court reviewed the motions and record as a whole, and found no extraordinary and compelling reasons for relief. The Court further examined the applicable sentencing factors under 18 U.S.C. § 3553(a) and determined that they weighed strongly against a compassionate release.

---

[1] *See* https://www.bop.gov/inmateloc/.

Defendant's current arguments and exhibits do not warrant a change in these determinations. Defendant contracted, and recovered from, a COVID-19 infection in July 2020. (Docket Entry No. 302, Exhibit A.) His medical care designation remains at level two for "stable, chronic care." *Id.* There is no indication in the record that defendant is unable to take care of himself within the confines of his facility, or that the BOP cannot manage his medical conditions appropriately. Indeed, his medical records on file show that the BOP is administering necessary care for his obesity and that his hypertension remains medically controlled. That defendant cannot maintain social distancing at all times during confinement is not an extraordinary or compelling reason for his release. Likewise, the existence of new variants of the COVID-19 virus, standing alone, does not constitute grounds for relief.

Moreover, FCI Beaumont Low currently reports having only ten active cases of COVID-19 at the facility.[2] Although defendant expresses legitimate concerns regarding COVID-19, he does not establish that the BOP cannot manage an outbreak within FCI Beaumont Low or that the facility is specifically unable to treat him if he were to contract a variant of the virus while incarcerated. His reliance on higher levels of infection at the facility in the past does not establish current grounds for his release.

The 18 U.S.C. § 3553(a) sentencing factors in defendant's case remain unchanged and weigh heavily against him. The overall criminal conduct in his case involved robbing a USPS mail truck at gunpoint and pistol-whipping the postal employee. The employee

---

[2] *See* https://www.bop.gov/coronavirus/ (accessed on February 2, 2022).

required three months of physical therapy and psychological counseling following the robbery. (Docket Entry No. 203.) Although defendant argues here that the jury found him guilty of an inherently non-violent conspiracy offense, section 3553(a) requires this Court to consider the overall nature and circumstances of the offense. In defendant's case, the commission of the offense involved use of a firearm, violence, and physical injury to a victim.

Defendant additionally notes that the warden of his facility recommended him for release to home confinement in August 2021. (Docket Entry No. 302, Exhibit B.) However, the exhibit is an incomplete and unsigned copy of an "Institutional Referral for CCC Placement" that does not reflect BOP approval. In light of defendant's instant motion, it would reasonably appear that the BOP did not approve the referral. The referral itself does not constitute an extraordinary or compelling reason for granting relief or evince favorable sentencing factors that outweigh the unfavorable factors in this case.

Defendant's fourth motion for a compassionate release (Docket Entry No. 302) is DENIED WITH PREJUDICE.

Signed at Houston, Texas, on February _2_, 2022.

Gray H. Miller
Senior United States District Judge